**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| ROAR ATHLETIC PERFORMANCE CORP., d/b/a VKTRY, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. |
| MASCIOWSKY S.R.L., d/b/a TEAMDVNK, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION

### Introduction

1.     In this complaint, Plaintiff Roar Athletic Performance Corp. ("ROAR") accuses Defendant Masciowsky S.R.L. *d/b/a* TEAMDVNK ("DVNK") of patent, copyright, and trade dress infringement, and unfair competition under the Lanham Act and state and common law, via DVNK's intentional and unauthorized copying, promotion, and commercial distribution of insoles in the United States that infringe ROAR's intellectual property rights. Specifically, DVNK has offered for sale and sold insoles for sneakers and other athletic shoes in the United States that infringe ROAR's patent. DVNK has also misappropriated ROAR's proprietary product packaging and web and social media content in an attempt to confuse U.S. consumers into purchasing DVNK's products. DVNK's flagrant conduct, and the clear irreparable harm it is causing ROAR, warrant preliminary and permanent injunctive relief.

1

ME1\61377889.v2

**The Parties**

2.      Plaintiff Roar Athletic Performance Corp. ("ROAR") is a Delaware corporation with a principal place of business in Milford, Connecticut. ROAR is the owner of valuable trademarks and branding tools and websites, such as VKTRY.com (the "Website"), which ROAR has developed and uses to promote its products and services.  ROAR also owns and operates multiple web-based portals on platforms including Instagram, TikTok, and Facebook, that support its promotion and sale of VKTRY Insoles.

3.      Defendant Masciowsky S.R.L., *d/b/a* TEAMDVNK ("DVNK"), is a company based in Italy with an address of Via Trebbia, 5, 00198 Roma RM, Italy. DVNK operates a webpage at https://teamdvnk.com and promotes, advertises, offers for sale, and sells products that infringe ROAR's patent rights in the United States using branding and copyright-protected content misappropriated from ROAR.

**Jurisdiction and Venue**

4.      This action for patent and copyright infringement and violation of the Lanham Act arises under 28 U.S.C. § 1338(a) and (b). This action is also based on the diverse citizenship of the parties (Italy and the United States) and has an amount in controversy that, without interest or costs, exceeds $75,000. Additional claims are properly before this Court under the doctrines of ancillary and pendent jurisdiction.

5.      Personal jurisdiction over the defendant is proper based on, *inter alia*, Connecticut General Statute § 52-59b, and Federal Rule of Civil Procedure § 4(k)(2). DVNK has advertised, offered for sale, and sold its infringing insoles in the United States, including in this district, in violation of ROAR's intellectual property rights.

2

ME1\61377889.v2

6.   Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred here and/or the defendant is subject to the Court's personal jurisdiction.

**Background to the Dispute**

7.   Matt Arciuolo is a board-certified pedorthist, *i.e.*, a healthcare professional specializing in foot care, such as biomechanics, pain management, and athletic performance optimization. Mr. Arciuolo has spent more than three decades of his professional career helping people, particularly athletes, perform at their highest levels. This effort led Mr. Arciuolo to the development of novel insoles based on carbon fiber technology—the VKTRY® orthotic insoles—and the launch of a new business in Milford, CT, with the VKTRY® insole product as its centerpiece. The patented insoles contain aerospace grade carbon fiber and are customized according to a user's sex, age, weight, shoe type, and sport. ROAR's mission is to help to protect athletes from injury and make it possible for them to perform their best.

8.   The VKTRY carbon fiber-based insole was refined through extensive testing, and its stellar performance characteristics have been proven through performance evaluations across a spectrum of athletic activities. The insole is so inventive that ROAR obtained a patent for it, U.S. Pat. No. 9,131,746 (the '746 Patent). A copy of the '746 Patent is attached as Exhibit A.

9.   The patented VKTRY Insole has achieved substantial success and recognition in the marketplace. In addition to the proprietary technology that underpins the superior performance of the VKTRY Insoles, ROAR has promoted the VKTRY Insole through creative and fanciful imagery on its Website and across a variety of popular social media platforms, linking the superior performance of the VKTRY Insole to distinctive branding.

3

ME1\61377889.v2

10.     The Website and VKTRY social media accounts (collectively, the "Social Media Content") provide engaging text, images, and video content—content that provides a compelling presentation regarding the potential performance boosts available through use of the VKTRY Insoles. This content provides an array of analytics, performance measures, and testimonials from athletes in a range of competitive sports, including, but not limited to, basketball, football, and soccer.

11.     ROAR's marketing and promotional materials have become associated with the high-quality products offered by ROAR and connect the VKTRY brand with these high-quality products in the minds of consumers. ROAR's web presence and the associated social media accounts managed by ROAR play a critical role in supporting the sales success and in both building and maintaining the superior product reputation of VKTRY Insoles in the marketplace.

12.     The packaging for ROAR's VKTRY Insoles is also distinctive and supports ROAR's branding efforts. The VKTRY Insole packaging (the "Packaging") embodies further valuable intellectual property rights of ROAR.

13.     ROAR is the owner of valid and subsisting U.S. copyright registrations for certain distinctive elements of the Social Media Content and the Packaging. In particular, ROAR owns the following copyright registrations:

a.     Registration No. PA 2-545-243 for the VKTRY "How High Will It Flip?" Video;

b.     Registration No. VA 2-458-197 for the VKTRY Product Box Design (Gold);

c.     Registration No. VA 2-499-624 for the VKTRY Product Box Design (Silver);

d.     Registration No. PA 2-545-242 for the VKTRY Shoe Flip Turf Video;

e.     Registration No. PA 2-545-241 for the VKTRY Shoe Flip POV.

4

ME1\61377889.v2

Copies of the foregoing copyright registrations (collectively, the "Copyright Registrations") are attached to this complaint as Exhibit B.

14.    ROAR also obtained federal trademark registrations for its VKTRY mark, including (a) U.S. Reg. No. 5,316,254, which issued on October 24, 2017, and claims use in commerce as early as July 2016 in connection with "Orthotics for the foot and ankle; orthotic inserts for footwear; orthotic inserts for footwear to enhance athletic performance; sporting equipment, namely, sports orthotics for the foot and ankle for enhancing athletic performance" in International Class 10, and (b)  U.S. Reg. No. 6,128,623, which issued on August 18, 2020, and claims use in commerce since at least as early as August 2016 in connection with the same. ROAR also owns protectable trade dress in its product packaging and Website.

**Defendant's Infringement and Related Misconduct**

15.    The sale and offering for sale of the DVNK Ultra, Premium, Aura, and Kevlar insoles (the "Infringing Products") in the United States directly infringes ROAR's valid and subsisting U.S. patent rights as set forth in the '746 Patent. All right, title and interest in and to the '746 patent is owned by ROAR.

16.    DVNK has infringed at least Claim 1 of the '746 Patent by selling and/or offering for sale insoles having the patented construction. Attached as Exhibit C is an exemplary claim chart showing infringement of Claim 1. This exemplary claim chart is based on ROAR's information to date and may be amended during the litigation after additional investigation and discovery. Other claims may also be infringed.

17.    In addition to DVNK's infringement of ROAR's patent rights, DVNK has engaged in a marketing and promotion campaign that relies extensively on the misappropriation

5

of ROAR's Social Media Content and Packaging, including specifically copyright-protected elements of the Social Media Content and the Packaging (the "Infringing Advertising").

18.    DVNK uses knock-off versions of ROAR's proprietary Social Media Content on its website and social media platforms, such as TikTok and Instagram, in direct conflict with marketing channels that ROAR relies on to promote and market its VKTRY products. DVNK's wholesale theft of ROAR's promotional materials is used to promote the sale of DVNK's carbon fiber insoles with the intent of confusing and misleading consumers into believing that the DVNK infringing products are associated with ROAR.

19.    With reference to Registration No. PA 2-545-243 (the "'243 Registration"), the format of ROAR's "How High Will It Flip?" video involves:

a.    Prominent display of ROAR's signature "Bounce Board";

b.    While standing in front of VKTRY's signature bounce board, an individual removes the foam insole from a shoe and waves it around to show that it is flimsy;

c.    The individual flips the shoe with the foam insole and gives it a bounce score in yellow font (with a "ding" sound effect);

d.    The individual inserts a VKTRY Insole into the shoe and shows the camera that the VKTRY Insole is placed inside;

e.    The individual flips the shoe again with the inserted VKTRY Insole and gives it a bounce score in yellow font (with a "ding" sound effect).

20.    Defendant DVNK has copied ROAR's copyright-protected "How High Will It Flip?" video, including specifically the elements outlined above, right down to copying ROAR's use of its signature bounce board, scoreboard, the text, the font, and the colors of the graphics

6

that accompany the "ding" sound effect, and has hosted and displayed the infringing content on DVNK's website and DVNK's social media accounts in violation of ROAR's copyright in and to the '243 Registration.

21.    The following side-by-side images illustrate the infringement of ROAR's copyright in and to the subject matter of the '243 Registration.

| Roar Copyrighted Material | DVNK Infringement |
| --- | --- |
| | |

ME1\61377889.v2









ME1\61377889.v2







ME1\61377889.v2

22.     With reference to Registration No. PA 2-545-242 (the "'242 Registration"), the format of ROAR's "Shoe Flip Turf" video involves:

a.      Positioning an individual in a kneeling position on a turf field;

b.      Positioning the VKTRY Insole box adjacent to the individual so that the VKTRY brand name is prominently displayed;

c.      The individual flips the shoe with the foam insole adjacent to a field goal post or a soccer net;

d.      The individual removes the foam insole from the shoe and shakes it to show its flimsiness;

e.      The individual inserts a VKTRY Insole into the shoe and flips the shoe again with the inserted VKTRY Insole adjacent to the field goal post or soccer net;

f.      Displaying "Run Faster, Jump Higher" tagline.

23.     The following side-by-side images illustrate the infringement of ROAR's copyright in and to the subject matter of the '242 Registration.

| Roar Copyrighted Material | DVNK Infringement |
|---|---|
| | |



24.     DVNK has copied ROAR's copyright-protected VKTRY Shoe Flip Turf video, including the elements outlined above, right down to the brand font/colors and phrasing of the script, and hosts and displays the infringing content on DVNK's website and DVNK's social media accounts in violation of ROAR's copyright in and to the '242 Registration.

25.     With reference to Registration No. PA 2-545-241 (the "'241 Registration"), the format of ROAR's VKTRY Shoe Flip POV video involves:

a.      Filming of the entirety of the video from the "first person" perspective from above the interactions with the shoe;

b.      An individual removes the foam insole from a shoe and shows its flimsiness (from first person perspective);

11

c.    The individual flips the shoe with the foam insole (from first person perspective);

d.    The individual removes the foam insole from the shoe and inserts a VKTRY Insole, then flips the shoe again with the inserted VKTRY Insole (from first person perspective).

26.    The following side-by-side images illustrate the infringement of ROAR's copyright in and to the subject matter of the '241 Registration.

| Roar Copyrighted Material | DVNK Infringement |
|---|---|
|  | |

27.    With reference to Registration Nos. VA 2-458-197 for the VKTRY Product Box Design (Gold) (the "'197 Registration") and VA 2-499-624 for the VKTRY Product Box Design (Silver) (the "'624 Registration"), DVNK has copied the copyright-protected elements of the ROAR box design, including specifically:

a.    The exterior carbon-fiber pattern;

b.    The "run faster, jump higher" copy on the exterior side of the box;

c.    The "prepare to elevate your game" tagline;

d.    The "Warning. Highly Explosive" tagline; and

12

ME1\61377889.v2

e.    The turf bottom of the box interior.

28.    The following side-by-side images further illustrate DVNK's infringement of ROAR's copyright in and to the subject matter of the '197 Registration and the '624 Registration, with the first row highlighting the "prepare to elevate your game" tagline, the second row highlighting the "WARNING! HIGHLY EXPLOSIVE!" tagline, the third row highlighting the turf bottom of the interior, the fourth row highlighting the "RUN FASTER. JUMP HIGHER" tagline, and the fifth row highlighting the carbon fiber pattern on the exterior of the box.

| Roar Copyrighted Material | DVNK Infringement |
|---|---|
| | |
| | |

ME1\61377889.v2



29.      In addition to constituting infringement of the '197 Registration and the '624 Registration, the foregoing copying of ROAR's product packaging constitutes infringement of ROAR's distinctive and non-functional trade dress, as it creates a likelihood that consumers will be confused into believing that DVNK's packaging emanates from ROAR.

30.      DVNK has further infringed ROAR's trade dress by copying the "look and feel" of ROAR's Website, including by incorporating the following elements from the Website into teamdvnk.com:

a.      A bright-colored band across the top of the webpage, wherein there is white text offering a discount on the party's products;

14

ME1\61377889.v2

b.    A dark band directly underneath the aforementioned colored band, wherein the party's mark is displayed;

c.    Fast-moving video-clips directly underneath the aforementioned dark band of athletes playing sports (including dunking a basketball), combined with clips of athletes handling the party's insole products;

d.    Product messaging superimposed over the aforementioned fast-moving video-clips, including a button directing the user to a separate webpage where one can buy and view details regarding the party's insole product.

31.    The following side-by-side images further illustrate DVNK's infringement of ROAR's trade dress in its Website:

| VKTRY Website | DVNK Website |
|---|---|
|  | |

32.    Simply put, DVNK's website would not look and feel the way it does if not for its intentional copying of the Website.

33.    ROAR has consistently used two Crocs footwear products in its videos: (1) a Cars Crocs clog and (2) a Shrek Crocs clog. DVNK has used the same Crocs clog products in its videos, as shown below.

15

ME1\61377889.v2

| VKTRY TikTok | DVNK TikTok |
|---|---|
| | |
| | |

34. In certain of DVNK's videos, DVNK has replicated the music used in ROAR's corresponding videos.

35. DVNK is selling insoles as the Aura and Premium products. DVNK has branded the Aura product as "Gold" and the Premium product as "Silver," which correspond to the monikers used by ROAR since 2020, namely the VKTRY Gold product and the VKTRY Silver product.

36. DVNK's promotional and marketing materials, as well as DVNK's product packaging, constitute flagrant and willful infringements of ROAR's intellectual property rights,

16

including specifically ROAR's copyright in and to the Social Media Content and the Packaging.

37.     DVNK has engaged in an intentional effort to deceive consumers into believing that the knock-off DVNK insoles are sourced from, sponsored by or otherwise directly associated with ROAR—a clear effort to trade off of the highly effective branding and superior reputation of the VKTRY Insoles to sell infringing insole products, to sow confusion in the minds of consumers, and to mislead customers into believing DVNK products are affiliated with ROAR.

<strong>COUNT I: PATENT INFRINGEMENT</strong>

38.     Plaintiff ROAR re-alleges the allegations 1-37 above as if restated in full.

39.     On September 15, 2015, the '746 Patent issued for a "foot orthotic" invention. All right, title and interest in and to the '746 Patent is assigned to ROAR.  ROAR has owned the '746 Patent throughout the period of DVNK's infringing acts and still owns the '746 Patent.

40.     In violation of 35 U.S.C. § 271, DVNK has infringed and is still infringing the '746 Patent by selling and/or offering for sale in this district the Infringing Products that embody the patented invention.

41.     ROAR is in compliance with the patent marking statute, 35 U.S.C. § 287. For example, ROAR marks the packaging for its patented insole products with U.S. Patent No. 9,131,746.

42.     ROAR has notified DVNK about its infringing activity, and DVNK has continued to engage in such infringing activity notwithstanding such notice from ROAR.

43.     DVNK will continue to infringe the '746 Patent unless enjoined by this Court.

44.     DVNK's infringement of the '746 Patent is willful and wanton.

17

## COUNT II: COPYRIGHT INFRINGEMENT

45.    Plaintiff ROAR re-alleges allegations 1-44 as if restated in full.

46.    The U.S. Copyright Office has issued the following copyright registrations to ROAR:

f.    Registration No. PA 2-545-243 for the VKTRY "How High Will It Flip?" Video;

g.    Registration No. VA 2-458-197 for the VKTRY Product Box Design (Gold);

h.    Registration No. VA 2-499-624 for the VKTRY Product Box Design (Silver);

i.    Registration No. PA 2-545-242 for the VKTRY Shoe Flip Turf Video;

j.    Registration No. PA 2-545-241 for the VKTRY Shoe Flip POV.

47.    ROAR owns all right, title and interest in and to each of the Copyright Registrations.

48.    The copyrighted material covered by each of the Copyright Registrations is creative and further supports the distinctiveness of the ROAR products and associated branding.

49.    ROAR marks its Social Media Content and Packaging with notice of its proprietary interest in and ownership of the intellectual property embodied in the Social Media Content and the Packaging, as applicable.

50.    In violation of 17 U.S.C. § 501, DVNK has infringed and is still infringing ROAR's copyrights by engaging in a marketing and promotion campaign that relies extensively on the misappropriation of ROAR's copyright-protected Social Media Content and Packaging.

51.    The packaging for DVNK's insole products also infringes upon distinctive aspects of ROAR's copyright-protected Packaging.

52.    ROAR has communicated with DVNK concerning its infringing activity, and

18

DVNK has continued to engage in such infringing activity notwithstanding such communication from ROAR.

53.     DVNK's copying of ROAR's copyright-protected Social Media Content and Packaging was intentional, willful and wanton with full knowledge of ROAR's proprietary rights in and to the proprietary content misappropriated by DVNK.

## COUNT III: TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

54.     Plaintiff ROAR re-alleges the allegations 1-53 above as if restated in full.

55.     The Lanham Act—15 U.S.C. §1125(a)—provides a cause of action for false advertising and false designation of origin.

56.     ROAR's insole product packaging and Website are inherently distinctive, non-functional, and serve to identify ROAR and its authentic insole products.

57.     In addition, ROAR's insole product packaging and Website have acquired secondary meaning and distinctiveness in light of ROAR's substantial marketing efforts and customer identification of the product packaging and Website with a particular, single source.

58.     By virtue of using its distinctive and non-functional insole product packaging and Website, ROAR is the owner at common law of protectable trade dress in connection with its product packaging and Website.

59.     DVNK's product packaging and website so closely resemble ROAR's protectable trade dress that it is likely to cause confusion, mistake or deception. Such use is likely to cause persons to believe, contrary to fact, that the business and products of DVNK originate with, are sponsored by, or are associated with ROAR, thereby infringing ROAR's trade dress and diminishing and impairing ROAR's goodwill in its trade dress. Moreover, on information and

19

belief, DVNK uses the letter "V" in its name—rather than the letter "U" per the name's phonetic spelling—in order to further suggest an affiliation with ROAR's VKTRY brand.

60. DVNK's acts of infringement are willful and intentional.

61. ROAR has suffered and will continue to suffer immediate and irreparable harm as a result of the promotion, use and sale of the Infringing Products, and ROAR is entitled to injunctive relief and to recover DVNK's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**COUNT IV: UNFAIR COMPETITION UNDER THE LANHAM ACT**

62. Plaintiff ROAR re-alleges the allegations 1-61 above as if restated in full.

63. The Lanham Act—15 U.S.C. §1125(a)—provides a cause of action for false advertising and false designation of origin.

64. DVNK has committed acts that constitute false advertising and false designation of origin, including copying ROAR's Social Media Content, claiming such content as its own original work, and misleading visitors to the DVNK website and other social media accounts into believing that DVNK products are associated with ROAR and its successful and innovative VKTRY Insole products.

65. ROAR has been injured based on the deceptive acts undertaken by DVNK misappropriating ROAR's distinctive promotional and marketing materials, including specifically ROAR's distinctive "shoe flip" promotional tools, ROAR's signature bounce board and Social Media Content in promoting its competitive insole products, which is intended to and which has caused consumers to mistakenly believe that the DVNK products are sourced from or otherwise associated with ROAR. Moreover, on information and belief, DVNK uses the letter

20

"V" in its name—rather than the letter "U" per the name's phonetic spelling—in order to further suggest an affiliation with ROAR's VKTRY brand.

66.    DVNK's conduct has injured ROAR's commercial interests, including its reputation, brand image and its sales, and will continue to do so unless enjoined by this Court.

67.    ROAR has communicated with DVNK concerning its wrongful conduct, and DVNK has continued to engage in such wrongful conduct notwithstanding such communication from ROAR.

68.    ROAR has suffered an ascertainable injury due to DVNK's unfair trade practices, and will continue to be injured unless DVNK's conduct is enjoined by this Court.

## COUNT V: UNFAIR COMPETITION UNDER CUTPA

69.    Plaintiff ROAR re-alleges the allegations 1-68 above as if restated in full.

70.    Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. § 42-110a et seq. provides a cause of action against commercial acts of unfair competition.

71.    DVNK has committed acts of Unfair Trade Practices, as defined by CUTPA, including copying ROAR's Social Media Content, claiming such content as its own original work, and misleading visitors to the DVNK website and other social media accounts into believing that DVNK products are associated with ROAR and its successful and innovative VKTRY Insole products.

72.    ROAR has been injured based on the deceptive acts undertaken by DVNK misappropriating ROAR's distinctive promotional and marketing materials, including specifically ROAR's distinctive "shoe flip" promotional tools, ROAR's signature bounce board and Social Media Content in promoting its competitive insole products, which is intended to and

21

ME1\61377889.v2

which has caused consumers to mistakenly believe that the DVNK products are sourced from or otherwise associated with ROAR.

73.    ROAR has communicated with DVNK concerning its wrongful conduct, and DVNK has continued to engage in such wrongful conduct notwithstanding such communication from ROAR.

74.    ROAR has suffered an ascertainable injury due to DVNK's unfair trade practices, and will continue to be injured unless DVNK's conduct is enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff Roar Athletic Performance Corp., requests the following relief:

A.    Judgment in favor of ROAR and against DVNK in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    a preliminary and/or permanent injunction barring DVNK and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by DVNK, and all of those in active concert and participation with DVNK (the "Enjoined Parties") from the following conduct:

      i.    Advertising, offering for sale, or selling, via the internet or otherwise, the Infringing Products in the United States;

      ii.    Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying the Infringing Products in the United States;

22

ME1\61377889.v2

C.    A preliminary and/or permanent injunction requiring the Enjoined Parties to complete the following actions:

      i.    To redesign the packaging of the DVNK insole products to remove the following features which infringe ROAR's copyright and trade dress: (a) the exterior carbon-fiber pattern; (b) the "run faster, jump higher" copy on the exterior side of the box; (c) the "prepare to elevate your game" tagline; (d) the "Warning. Highly Explosive" tagline; and (e) the turf bottom of the box interior.

      ii.    To redesign the teamdvnk.com website to remove the following features which infringe ROAR's trade dress: (a) a bright-colored band across the top of the webpage, wherein there is white text offering a discount on the party's products; (b) a dark band directly underneath the aforementioned colored band, wherein the party's mark is displayed; (c) fast-moving video-clips directly underneath the aforementioned dark band of athletes playing sports (including dunking a basketball), combined with clips of athletes handling the party's insole products; (d) product messaging superimposed over the aforementioned fast-moving video-clips, including a button directing the user to a separate webpage where one can buy and view details regarding the party's insole product.

      iii.    To remove from any and all websites and storefronts operated by DVNK any of the Infringing Advertising to the extent such advertising is made available for viewing by residents of the United States;

ME1\61377889.v2

iv.    To request removal from internet search engines (such as Google, Yahoo!, and Bing) and to remove from the internet any uses of the Infringing Advertising and any promotion of the Infringing Products to the extent such Infringing Advertising and promotion of the Infringing Products is made available to residents of the United States;

D.    An award of damages under 15 U.S.C. § 1117, 35 U.S.C. § 284, and/or other applicable law, including, without limitation, disgorgement of profits, lost profits, a reasonable royalty, and/or any other damages sufficient to compensate ROAR for DVNK's patent infringement, unfair competition, and false designation of origin;

E.    An accounting to determine the proper amount of damages;

F.    A three-fold increase in damages under 15 U.S.C. § 1117, 35 U.S.C. § 284, and/or other applicable law, for DVNK's willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

G.    An award pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 284, and/or other applicable law of costs and pre- and post-judgment interest on ROAR's compensatory damages;

H.    An award of attorneys' fees under 15 U.S.C. § 1117, 35 U.S.C. § 285, Conn. Gen. Stat. § 42-110g, and/or other applicable law;

I.    Enhanced damages, including double or treble damages under the Lanham Act and/or punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

J.    Such other and further relief as the Court deems just, equitable and proper.

24

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ROAR demands a trial by jury on all issues so triable.

Date: June 24, 2026                 **COUNSEL FOR PLAINTIFF,**
**ROAR ATHLETIC PERFORMANCE CORP.**


*/s/ Alexander T. Hornat*
Alexander T. Hornat (ct29769)
**McCarter & English LLP**
265 Franklin Street
Boston, MA 02110
860.275.6720
ahornat@mccarter.com

25

ME1\61377889.v2